RAÚL R. LABRADOR
ATTORNEY GENERAL

JAMES E. M. CRAIG, ISB #6365
Chief, Civil Litigation and
Constitutional Defense

DAVID J. MYERS, ISB #6528
MEGAN ANDERSON, ISB #10094
Deputy Attorneys General
Office of the Attorney General
P.O. Box 83720
Boise, ID 83720-0010
Telephone: (208) 334-2400
Facsimile: (208) 854-8073
james.craig@ag.idaho.gov
david.myers@ag.idaho.gov
megan.anderson@ag.idaho.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABBY DAVIDS, MD, K.P., N.R., F.F., J.A.O.G., and JOHN DOE, | Case No. 1:25-cv-00334-AKB |
| *Plaintiffs*, | **RESPONSE TO MOTION FOR PROVISIONAL CLASS CERTIFICATION [DKT. 2]** |
| v. | |
| ALEX ADAMS, in his official capacity as Director of the Idaho Department of Health and Welfare, MIREN UNSWORTH, in her official capacity as the Deputy Director of IDHW in charge of Health & Human Services, ELKE SHAW-TULLOCH, in her official capacity as the administrator of IDHW's Division of Public Health, ANGIE BAILEY, as Director of the Idaho Bureau of Rural Health & Primary Care, RAÚL LABRADOR, in his official capacity as the Attorney General of Idaho, | |
| *Defendants*. | |

**INTRODUCTION**

On April 1, 2025, the Idaho State Legislature passed H.B. 135—a law designed to prevent Idaho's public benefit programs from becoming a magnet that draws unauthorized aliens to Idaho. The legislation aligns with the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 ("PRWORA"). *See* 8 U.S.C. § 1601. Signed into law by Governor Brad Little on April 3, 2025, H.B. 135 took effect on July 1, 2025. Despite being aware of the law for months, Plaintiffs filed a lawsuit on June 26, 2025, just days before it was set to go into effect on July 1, 2025, seeking a temporary restraining order, preliminary injunction, and provisional class certification. Dkt. 2. Importantly, the law does not prohibit anyone, regardless of their immigration status, from being able to access necessary medical care. Rather, H.B. 135 addresses the source of funding. As relevant here, H.B. 135 simply communicates that the State of Idaho will not pay for medical care under the Ryan White Act for those who do not have lawful presence. But those individuals can still obtain the necessary medical treatment through medical insurance or by paying for it themselves, the same way the vast majority of Idahoans obtain medical care.

Plaintiffs' request provisional class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(2) to enjoin H.B. 135's enforcement regarding the eligibility requirements for Idaho's Ryan White Program and Part B AIDS Drug Assistance Program (hereinafter "Ryan White"). Dkt. 3-1 at 7. They propose a class including "all current and future persons who otherwise qualify for federally funded services through" these programs but are "unable to provide proof of immigration status sufficient to receive federally funded Ryan White services due to the Idaho Department of Health and Welfare's ('IDHW') interpretation and implementation of H.B. 135." *Id*. Defendants oppose the motion because the proposed class fails to meet the requirements in Rule 23(a) and 23(b)(2). Plaintiffs' evidence is speculative, their class definition is overbroad

and unascertainable, and their reliance on diverse class members with varying legal statuses undermines certification.

## LEGAL STANDARD

A plaintiff who seeks provisional class certification must meet the same threshold requirements as if he were seeking class certification. *See*, e.g., *Meyer v. Portfolio Recovery Assocs*., LLC, 707 F.3d 1036, 1041 (9th Cir. 2012). Under Fed. R. Civ. P. 23(a) there are four threshold requirements for class certification: "numerosity, commonality, typicality, and adequate representation." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011). The Rule 23 requirements are not "mere pleading" requirements; the plaintiff must "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id*. at 350. "The [Supreme Court] requires district courts to engage in a *'rigorous analysis'* of each Rule 23(a) factor when determining" if plaintiffs seeking class certification have met their burden. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 980 (9th Cir. 2011) (quoting *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)) (emphasis added). Further, class certification should not be used as a substitute for universal injunctions. *See Trump v. CASA, Inc.*, --- S. Ct. ---, Nos. 24A884, 24A885, 24A886, 2025 WL 1773631, *18 (U.S. June 27, 2025) (cautioning against "award[ing] relief to broadly defined classes without following 'Rule 23's procedural protections' for class certification" as a substitute for universal injunctions; "[t]he class action is a powerful tool, and we have accordingly held that class 'certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.'") (quoting *Dukes*, 564 U.S. at 350–51).

Additionally, "the proposed class must satisfy at least one of the three requirements listed in Rule 23(b)." *Dukes*, 564 U.S. at 345. Rule 23(b)(2) "applies when 'the party opposing the class

RESPONSE TO MOTION FOR PROVISIONAL CLASS CERTIFICATION —2

has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.'" *Id*. at 345–46 (quoting Fed. R. Civ. P. 23(b)(2)).

### I.    The proposed class fails to satisfy the numerosity requirement of Rule 23(a)(1).

Plaintiffs' lack of specificity and reliance on speculation fails to provide the evidence needed to meet the numerosity requirement in Rule 23(a)(1). Numerosity requires a showing that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Plaintiffs must show some evidence of, or reasonably estimate, the number of class members. *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 681 (S.D. Cal. 1999). "[M]ere speculation as to the number of parties involved is not sufficient to satisfy Rule 23(a)(1)." 7A Charles Alan Wright and Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1762 (4th ed. 2024); *see also Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 357 (3d Cir. 2013) ("Mere speculation as to the number of class members— even if such speculation is 'a bet worth making'—cannot support a finding of numerosity.").

Plaintiffs assert that the class is numerous, citing Dr. Abby Davids' declaration alleging that Full Circle Health serves 890 HIV infected adults, with 45 undocumented and about 20 more with immigration statuses risking benefit loss, and potentially affecting "hundreds" of individuals statewide. Dkt. 3-1 at 14, 16. This estimate is insufficient. The declaration lacks specificity about how many of these 65 individuals will be unable to meet H.B. 135's verification requirements or are currently enrolled in Ryan White services, especially given exemptions for emergency care and other categories. *Id*. at 9. Moreover, reliance on a single clinic's data, without statewide evidence, does not demonstrate impracticable joinder across Idaho. And the inclusion of "future persons," *id*. at 7, is vague, with no temporal or numerical limit, rendering the class size speculative.

Further, Plaintiffs claim that class members would be difficult to locate, thus warranting certification of the class. Dkt. 3-1 at 16. However, every person currently receiving benefits under

the Ryan White program is readily identifiable through one of the handful of grant recipients that provide Ryan White services. Further, once the benefit providers comply with H.B. 135, it will be clear which individuals will no longer be eligible for benefits under the program. Thus, those who might be affected by the law are easy to locate—it requires a simple inquiry to the grant recipients.

The Court should find that Plaintiffs have not met numerosity.

## II.   The proposed class lacks commonality under Rule 23(a).

Commonality requires "a plaintiff to show that there are questions of law or fact common to the class." *Dukes*, 564 U.S. at 349. This requirement is not as easy to satisfy as it may appear, because "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury … not [] merely that they have all suffered a violation of the same provision of law." *Id.* at 349–50 (cleaned up). Rather, their claims must be based on a common contention that is "of such a nature that it is capable of class wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id*.

Plaintiffs argue commonality based on shared legal questions—e.g. preemption, due process, equal protection—and factual issues—e.g., inability to verify status and reliance on Ryan White. Dkt. 3-1 at 16–17. However, this class includes diverse immigration statuses, including those who are lawfully present but for whatever reason are unable to provide sufficient proof of their lawful presence, DACA recipients, aliens who have overstayed their visas, asylum seekers, and many others, which may lead to varying legal analyses under H.B. 135. *Id*. at 12. This diversity risks individualized inquiries that undermine Plaintiffs' claim of a common injury that is resolvable class wide. Therefore, commonality is not satisfied.

### III. The named representatives' claims are not typical under Rule 23(a)(3).

Again, the varied immigration statuses and personal circumstances undermine Plaintiffs' attempt to meet the typicality requirement of Rule 23(a)(3). Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). The commonality and typicality factors "tend to merge." *General Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157–58 n.13 (1982). However, the purpose of typicality is to ensure that "the interest of the named representatives aligns with the interests of the class." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citation omitted). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct, which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Id.* (internal quotation marks omitted).

Plaintiffs claim typicality because the named representatives share the same alleged injury—loss of Ryan White coverage due to the lawful presence requirement in H.B. 135. Dkt. 3-1 at 19. Yet, their varied immigration statuses and personal circumstances may subject them to unique defenses or eligibility under H.B. 135. Further, some may be able to obtain other ways to pay for the medication, whether that is through programs with the pharmaceutical companies, other charitable organizations, or family assets. But "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." *Dukes*, 564 U.S. at 348–49. The Ninth Circuit has denied typicality where unique defenses applied. *See Hanon*, 976 F.2d at 508. Here Plaintiffs' motion lacks analysis of how the differences affect typicality, especially if some might satisfy lawful presence while others do not.

**IV. The named representatives cannot fairly and adequately protect the interests of the class.**

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This requirement is meant to "uncover conflicts of interest" between class members and the representatives to determine whether the named representatives and class counsel will "prosecute the action vigorously on behalf of the class." *Idaho Org. of Res. Councils v. Labrador*, --- F.Supp.3d ---, No. 1:25-cv-00178, 2025 WL 1237305, *18 (D. Idaho April 29, 2025) (quoting *Kim v. Allison*, 87 F.4th 994, 1000 (9th Cir. 2023)).

Here Plaintiffs assert adequacy based on the representatives' motivation to maintain access to treatment, even for the "absent class members." Dkt 3-1 at 19. But Plaintiffs have not offered evidence that shows the named representatives' ability to manage the case or address the conflicts with class members who have different risks and defenses. Additionally, the Plaintiffs' desire to proceed in pseudonym raises concerns over credibility and fear of disclosure, which could affect adequacy.

**V. The class does not meet the requirements under Rule 23(b).**

Plaintiffs argue that Rule 23(b)(2) applies because the state's verification requirement is generally applicable, warranting universal injunctive relief. Dkt. 3-1 at 14. Rule 23(b)(2) provides relief when "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." But damages or relief that is not uniform is not properly addressed under Rule 23(b)(2) because the "injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360–61.

Here the class seeks to preserve medication access, which may involve individualized damages, not just injunctive relief. Plaintiffs' motion does not address how an injunction would

uniformly benefit members with varying statuses or eligibility for Ryan White. Additionally, H.B. 135 does not prevent the class from obtaining the drugs prescribed by their doctors because the law merely provides that the State will not pay for the medical care. This could lead to damages claims that are not properly remedied by injunctive relief. The class's diverse needs and potential damages claims render the invocation of Rule 23(b)(2) improper.

Furthermore, provisional class certification should not be granted because the proposed class is too broadly defined. The class definition of "all current and future persons" unable to provide verification of lawful presence is vague. Dkt. 3-1 at 7. This definition lacks clear criteria or a method of identifying members, especially future ones, without conducting an individualized inquiry. Further, this class includes those who are in fact lawfully present but for whatever reason are unable to provide sufficient verification. This definition creates "an individual question … where members of a proposed class will need to present evidence that varies from member to member," when an ascertainable class is required. *Olean Wholesale Grocery Cooperative, Inc. v. Bumble Bee Foods LLC.* 31 F.4th 651, 663 (9th Cir. 2022). Plaintiffs' broad, future-inclusive class definition is not ascertainable, and provisional certification should be denied.

### CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion for provisional class certification.

DATED: July 7, 2025.

STATE OF IDAHO
OFFICE OF THE ATTORNEY GENERAL


/s/ *David J. Myers*
DAVID J. MYERS


RESPONSE TO MOTION FOR PROVISIONAL CLASS CERTIFICATION —7

Deputy Attorney General

*Attorney for Defendants*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on July 7, 2025, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Paul Carlos Southwick
psouthwick@acluidaho.org

Seth D. Levy
slevy@nixonpeabody.com

Emily Myrei Croston
ecroston@acluidaho.org

Vincent C. Capati*
vcapati@nixonpeabody.com

Joanna Cuevas Ingram*
cuevasingram@nilc.org

Jacqueline D. Relatores*
jrelatores@nixonpeabody.com

Kevin Siegel*
siegel@nilc.org

Brian J. Whittaker*
bwhittaker@nixonpeabody.com

Tanya Broder*
broder@nilc.org

Nikki Ramierez-Smith
nsmith@nrsdt.com

Casey Parsons
cparsons@nrsdt.com

Talia Burnett*
tburnett@nrsdt.com

Neal Dougherty*
ndougherty@nrsdt.com

*Attorneys for Plaintiffs*                              *Motion for pro hac vice forthcoming*


/s/ *David J. Myers*
DAVID J. MYERS