UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ABBY DAVIDS, MD; K.P.; N.R.; F.F.; J.A.O.G.; and JOHN DOE,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX ADAMS, in his official capacity as Director of the Idaho Department of Health and Welfare; MIREN UNSWORTH, in her official capacity as the Deputy Director of IDHW in charge of Health & Human Services; ELKE SHAW-TULLOCH, in her official capacity as the administrator of IDHW's Division of Public Health; ANGIE BAILEY, as Director of the Idaho Bureau of Rural Health & Primary Care; RAÚL LABRADOR, in his official capacity as the Attorney General of Idaho,<br><br>Defendants. | Case No. 1:25-cv-00334-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiffs' Motion to Proceed in Pseudonym (Dkt. 4). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal arguments are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

**BACKGROUND**

Plaintiffs challenge Idaho's implementation of H.B. 135 as applied to Ryan White HIV/AIDS Program services. At the outset of the case, the patient plaintiffs moved to proceed in

**MEMORANDUM DECISION AND ORDER - 1**

pseudonym (Dkt. 4). In support, Plaintiffs assert that disclosure of their identities would expose them to risks of criminal prosecution, immigration consequences, stigma, and retaliation, and would reveal highly sensitive medical information, including their HIV status (Dkt. 4-1).

Defendants do not oppose Plaintiffs' request to proceed in pseudonym for purposes of the public record at this stage of the litigation. Defendants oppose the motion, however, to the extent Plaintiffs seek to withhold their identities from Defendants and the Court throughout the case, arguing they are entitled to test Plaintiffs' assertions, including through discovery if necessary (Dkt. 39). On reply, Plaintiffs respond that, if limited disclosure later becomes necessary, the parties and the Court can determine an appropriate way to handle the issue that protects all parties' interests (Dkt. 41).

## ANALYSIS

Rule 10(a) of the Federal Rules of Civil Procedure provides that "the title of the complaint must name all the parties." Rule 17(a) likewise provides that "an action must be prosecuted in the name of the real party in interest." "The normal presumption in litigation is that the parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).

The Ninth Circuit, however, has identified circumstances in which a court may permit a plaintiff to proceed using a pseudonym, including when: "(1) identification creates a risk of retaliatory physical or mental harm, (2) anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature,' and (3) the anonymous party 'would be compelled . . . to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'" *Id.* (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). In determining whether to allow a party to proceed anonymously over the opposing party's objection,

MEMORANDUM DECISION AND ORDER - 2

a court balances "the severity of the threatened harm, the reasonableness of the anonymous party's fears, and the anonymous party's vulnerability to such retaliation," against "the prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*.

Here, Plaintiffs' request to proceed in pseudonym meets at least two of the situations envisioned by the Ninth Circuit. Disclosure of Plaintiffs' identities would compel them to reveal information that they contend could expose them to criminal prosecution and immigration-related consequences. Further, identification in the public record may create a risk of stigma, retaliation, and disclosure of highly sensitive medical information. For those reasons, the Court will allow the patient plaintiffs' identities to remain anonymous for purposes of the public record in this case.

Defendants' stated concern is narrower. They do not oppose pseudonymity on the public docket at this stage but contend that disclosure to defense counsel may later be necessary to test Plaintiffs' allegations. The Court agrees that this issue, if it arises, can be addressed in the context of discovery. The better course is not to deny pseudonymity now, but to allow the parties to meet and confer regarding any later disclosure that may become necessary and the protections that should govern such disclosure.

## ORDER

Based on the foregoing, the Court hereby ORDERS:

1. Plaintiffs' Motion to Proceed in Pseudonym (Dkt. 4) is **GRANTED**.

2. The patient plaintiffs may proceed in pseudonym for purposes of the public record in this case.

3. To the extent disclosure of Plaintiffs' identities to defense counsel becomes necessary to proceed in discovery, the parties shall meet and confer to reach an agreement protecting all

**MEMORANDUM DECISION AND ORDER - 3**

parties' interests. If the parties are unable to reach agreement, they may seek appropriate relief from the Court.

DATED: March 30, 2026

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 4**